UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALTON THOMAS                              )
                                          )
                                          )        **COMPLAINT**
                          Plaintiffs,     )
                                          )        **JURY TRIAL DEMANDED**
     -against-                            )
                                          )        1:21-cv-1358 (DNH/CFH)
TOWN OF LLOYD; TOWN OF LLOYD POLICE )
DEPARTMENT; TOWN OF PLATTEKILL;           )
TOWN OF PLATTEKILL POLICE                 )
DEPARTMENT; NEW YORK STATE POLICE;        )
JOHN DOES (presently unidentified members of )
the Town of Lloyd Police Department); MICHAEL )
MOE #1; MICHAEL MOE # 2; MICHAEL MOES )
(all MICHAEL MOES being presently unidentified )
members of the Town of Plattekill Police  )
Department); NY STATE TROOPER THERESA     )
DILUVIO, Shield No. 2631 (retired); PAUL  )
PAUL POE # 1; PAUL POE # 2; and PAUL POES )
(all PAUL POES being presently unidentified )
members of the New York State Police),    )
                                          )
                          Defendants.      )
-----------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is a civil action in which the plaintiff seeks relief for the defendants'

violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the

United States Constitution, including its Fourth and Fourteenth Amendments and by the laws and

Constitution of the State of New York.  The plaintiff seeks damages, both compensatory and

punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other

and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Northern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a timely Notice of Claim, by certified mail return receipt requested, with TOWN OF LLOYD and TOWN OF PLATTEKILL on October 5, 2020.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff at all times relevant herein was a resident of the State of New York.

2

Plaintiff is African-American.

8.     Defendant TOWN OF LLOYD is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, TOWN OF LLOYD POLICE DEPARTMENT, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant TOWN OF LLOYD assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the Town of Lloyd Police Department.

9.     Defendant TOWN OF PLATTEKILL is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, TOWN OF PLATTEKILL POLICE DEPARTMENT which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant TOWN OF PLATTEKILL assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the Town of Plattekill Police Department.

10.     The NEW YORK STATE POLICE (NYSP) is a police agency operated by the State of New York.

11.     Defendants JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of TOWN OF LLOYD and/or the Town of Lloyd Police Department, a municipal agency of defendant TOWN OF LLOYD.  Defendants JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of

3

defendant TOWN OF LLOYD, were acting for, and on behalf of, and with the power and authority vested in them by TOWN OF LLOYD and the Town of Lloyd Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants JOHN DOES are sued individually.

12.      Defendants MICHAEL MOE #1; MICHAEL MOE # 2; and MICHAEL MOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of TOWN OF PLATTEKILL and/or the Town of Plattekill Police Department, a municipal agency of defendant TOWN OF PLATTEKILL.  Defendants MICHAEL MOE #1; MICHAEL MOE # 2; and MICHAEL MOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant TOWN OF PLATTEKILL, were acting for, and on behalf of, and with the power and authority vested in them by TOWN OF PLATTEKILL and the Town of Plattekill Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants MICHAEL MOE #1; MICHAEL MOE # 2; and MICHAEL MOES are sued individually.

13.      Defendants DILUVIO, PAUL POE # 1; PAUL POE # 2; and PAUL POES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the State of New York and/or the NEW YORK STATE POLICE (NYSP).  Defendants DILUVIO, PAUL POE # 1; PAUL POE # 2; and PAUL POES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the State of New York, were acting for, and on behalf of, and with the power and authority vested in them by State of New York and NYSP, and

were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants DILUVIO, PAUL POE # 1; PAUL POE # 2; and PAUL POES are sued individually.

## STATEMENT OF FACTS

14. On the 27th day of August, 2020, at approximately 10:00-11:00 AM, Plaintiff was inside of his home located at 1089 Route 44/55, Clintondale, New York 12515, when police arrived at his home.

15. Plaintiff's home is a rented trailer.

16. Plaintiff has received partial Social Security Disability for bi-polarism and depression that limit Plaintiff's daily life activities.

17. Plaintiff has been receiving partial Social Security Disability uninterrupted for approximately the past 15 years.

18. Plaintiff has suffered from bipolar disorder and depression for 35 or 40 years, which inhibits his social interactions with others, limits his ability to work, and affects his impulse control.

19. Plaintiff's bipolar disorder and depression has also caused him to attempt suicide in the past.

20. On August 27, 2020 Plaintiff was taking the medication Seroquel (an anti-psychotic, calming medication) four times per day, for these mental health disabilities.

21. Plaintiff had taken an excessive amount of his medication that morning and was experiencing a psychiatric episode stemming from his mental health disability.

22. On information and belief, on August 27, 2020 Plaintiff's sister had called the

police out of concern for Plaintiff's well-being, after Plaintiff made a joke over the telephone earlier that morning that caused her to worry about him possibly being suicidal.

23. The police, when they arrived at Plaintiff's home, were thus, on information and belief, aware that Plaintiff was suffering from an extreme mental health episode.

24. Three New York State Troopers – Defendant DILUVIO (who was female), PAUL POE # 1 (who was male), and PAUL POE # 2 (who was male) – who were employed by the NEW YORK STATE POLICE (NYSP), were the first members of law enforcement to arrive at Plaintiff's home, and they pulled up in Plaintiff's driveway in two police cars within a very short time period of each other.

25. On information and belief, one of either PAUL POE # 1 or PAUL POE # 2 was a Sergeant.

26. On information and belief Defendant DILUVIO, PAUL POE # 1, and PAUL POE # 2 were stationed at the NYSP Highland barracks, which is located at 212 Rte 299, PO Box 679, Highland, NY 12528.

27. Plaintiff went outside onto his porch when the Defendant DILUVIO, PAUL POE # 1, and PAUL POE # 2 arrived.

28. Defendant DILUVIO asked Plaintiff, in sum and substance, to come down from his porch and over to where she had parked her car in Plaintiff's driveway approximately 15 feet away.

29. Plaintiff responded, in sum and substance, by asking what he had done, and by telling Defendant DILUVIO that if she could not tell Plaintiff what Plaintiff had done, Plaintiff was not coming down off of his porch.

30.    Defendant DILUVIO did not tell Plaintiff why she wanted Plaintiff to come over to her, so Plaintiff went inside of his home and closed the door.

31.    When Plaintiff did that Defendant DILUVIO became very angry and, on information and belief, stated to the other individuals who were present at the scene that she intended to just tase Plaintiff (i.e., to shoot Plaintiff with a TASER electrical shock weapon).

32.    Defendant DILUVIO, PAUL POE # 1, and PAUL POE # 2 then unlawfully opened Plaintiff's door and entered Plaintiff's home.

33.    Defendant DILUVIO, PAUL POE # 1, and PAUL POE # 2 unlawfully began to search through Plaintiff's medications and other of his private possessions.

34.    Plaintiff told Defendant DILUVIO, PAUL POE # 1, and PAUL POE # 2 to put his property down.

35.    Defendant DILUVIO, PAUL POE # 1, and PAUL POE # 2 asked Plaintiff about his pill bottles, and Plaintiff explained that they were his medications that he takes every day.

36.    When Defendant DILUVIO did not put Plaintiff's pill bottle down Plaintiff snatched it from her hand.

37.    Plaintiff had not done or said anything physically threatening or violent to Defendant DILUVIO at any point – Plaintiff simply took his own property back from Defendant DILUVIO, that she refused to put down after Plaintiff told her to put it down, and after Defendant DILUVIO unlawfully entered his home.

38.    Immediately upon Plaintiff having snatched the pill bottle, and without a word, Defendant DILUVIO shot Plaintiff with a TASER device in his stomach.

39.    When the electricity from the TASER went through Plaintiff's body, he fell to the

floor.

40.     One of Defendant DILUVIO, PAUL POE # 1, or PAUL POE # 2 rear-handcuffed Plaintiff while he was on the floor, dazed from the TASER.

41.     The handcuffs were placed upon Plaintiff with an excessive and punitive tightness.

42.     Plaintiff told Defendant DILUVIO, PAUL POE # 1, and PAUL POE # 2 repeatedly that the handcuffs were too tight, but they did not loosen the handcuffs.

43.     Defendant DILUVIO, PAUL POE # 1, and PAUL POE # 2 picked Plaintiff up and took Plaintiff outside.

44.     An ambulance was outside.

45.     Also outside were two MICHAEL MOES members of the TOWN OF PLATTEKILL POLICE DEPARTMENT, MICHAEL MOE #1 (a white male) and MICHAEL MOE # 2 (a black male).

46.     MICHAEL MOE # 1 and MICHAEL MOE # 2 also had unlawfully entered Plaintiff's trailer.

47.     MICHAEL MOE # 1 and MICHAEL MOE # 2 failed to intervene to prevent the violation of Plaintiff's constitutional rights.

48.     JOHN DOES members of the TOWN OF LLOYD POLICE DEPARTMENT were also on the scene, and also had unlawfully entered Plaintiff's trailer and failed to intervene to prevent the violation of Plaintiff's constitutional rights.

49.     Emergency Medical Technicians (EMTs) also asked Defendant DILUVIO, PAUL POE # 1, and PAUL POE # 2 a number of times to remove Plaintiff's excessively tight

handcuffs, but Defendant DILUVIO, PAUL POE # 1, and PAUL POE # 2 initially refused to do so.

50.     One of Defendant DILUVIO, PAUL POE # 1, and PAUL POE # 2 eventually removed Plaintiff's handcuffs, only after Plaintiff had been placed inside of the ambulance.

51.     After Plaintiff's handcuffs were removed, he was taken by the EMTs to the hospital.

52.     Plaintiff was then taken to a second hospital, where he was involuntarily committed in its psychiatric facility for approximately two weeks.

53.     The individual Defendants wrongfully used excessive force upon and otherwise seized Plaintiff, and failed to intercede to prevent the violation of Plaintiff's rights, because they misperceived the effects of Plaintiff's disabilities as an affront to them and / or as criminal activity.

54.     The individual Defendants failed to accommodate Plaintiff's disabilities during the course of their interactions with him, and escalated the situation unnecessarily when they should have sought to de-escalate the situation and /or let medical personnel interact with Plaintiff in the first instance.

55.     The excessively tight handcuffs caused a lump to form on Plaintiff's wrist that lasts until this day.

<u>**FIRST CLAIM**</u>

**DEPRIVATION OF RIGHTS UNDER THE**
**UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

56.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

57.    By their conduct and actions in searching and seizing plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff's home and person, violating and retaliating for plaintiff's exercise of his rights to free speech, violating plaintiff's rights to due process, violating plaintiff's rights to equal protection of law, acting to cover up the misconduct of the other defendants, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, each of the individual Defendants, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

58.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

**LIABILITY OF DEFENDANTS TOWN OF LLOYD AND TOWN OF PLATTEKILL FOR CONSTITUTIONAL VIOLATIONS**

59.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

60.    At all times material to this complaint, defendants **TOWN OF LLOYD** and **TOWN OF PLATTEKILL**, acting through their police departments, and through the individual

defendants, had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

61. At all times material to this complaint defendants **TOWN OF LLOYD** and **TOWN OF PLATTEKILL**, acting through their police departments, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

62. At all times material to this complaint, defendants **TOWN OF LLOYD** and **TOWN OF PLATTEKILL**, acting through their police departments and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the failure to intervene to prevent the violation of the rights of members of the public by other members of law enforcement, including false arrests and the excessive and gratuitous uses of force. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

63. At all times material to this complaint, defendants **TOWN OF LLOYD** and **TOWN OF PLATTEKILL**, acting through their police departments, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech or conduct that affronts police officers or is interpreted by police officers as challenging their authority. These policies, practices, customs, and usages were a direct and proximate cause of the

unconstitutional conduct alleged herein.

64.     At all times material to this complaint, defendants **TOWN OF LLOYD** and **TOWN OF PLATTEKILL**, acting through their police departments and through the individual defendants, had de facto policies, practices, customs and/or usages of failing to properly train its officers in dealing with individual who are emotionally disturbed and how to de-escalate conflict with individuals who are emotionally disturbed, and of failing to reasonably and properly accommodate mental health disabilities suffered by members of the public with whom they interact.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

65.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

**THIRD CLAIM**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)**
**AND SECTION 504 OF THE REHABILITATION ACT**

66.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

67.     Title II of the Americans with Disabilities Act ("ADA") provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

68.     Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States … shall, solely by reason of his or her disability,

be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency …."

69.     The ADA provides that the "remedies, procedures, and rights" of Section 504 "shall be the remedies procedures, and rights" provided to plaintiffs under the ADA. 42 U.S.C. § 12133.

70.     Plaintiff was and is a "qualified individual," with disabilities that substantially limited his physical and mental abilities.

71.     TOWN OF LLOYD, TOWN OF LLOYD POLICE DEPARTMENT, TOWN OF PLATTEKILL, TOWN OF PLATTEKILL POLICE DEPARTMENT, and the NEW YORK STATE POLICE are entities that must comply with Section 504 and the ADA.

72.     The individual Defendants were and are individuals who are employed by, associated with or otherwise acting as authorized representatives or agents of TOWN OF LLOYD, TOWN OF LLOYD POLICE DEPARTMENT, TOWN OF PLATTEKILL, TOWN OF PLATTEKILL POLICE DEPARTMENT, and the NEW YORK STATE POLICE.

73.     At all times herein mentioned, the above-named defendants, and each of them, were the agents, representatives, principals and/or employees of TOWN OF LLOYD, TOWN OF LLOYD POLICE DEPARTMENT, TOWN OF PLATTEKILL, TOWN OF PLATTEKILL POLICE DEPARTMENT, and the NEW YORK STATE POLICE, and, in doing the things alleged herein, were acting within the course and scope of said entity / agency or employment.

74.     TOWN OF LLOYD, TOWN OF LLOYD POLICE DEPARTMENT, TOWN OF PLATTEKILL, TOWN OF PLATTEKILL POLICE DEPARTMENT, and the NEW YORK STATE POLICE receive federal financial assistance.

75.     Defendants knew or should have known that plaintiff was disabled; in particular, there were indications, known to the individual Defendants, that Plaintiff was undergoing a significant mental health incident.

76.     Defendants subjected plaintiff to discrimination on the basis of his handicaps.

77.     Defendants failed to reasonably accommodate plaintiff's disabilities.

78.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF DEFENDANTS TOWN OF LLOYD AND TOWN OF PLATTEKILL FOR STATE LAW VIOLATIONS

79.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

80.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as Port Authority police personnel, and/or while they were acting as agents and employees of DEFENDANTS TOWN OF LLOYD and TOWN OF PLATTEKILL, and, as a result, DEFENDANTS TOWN OF LLOYD and TOWN OF PLATTEKILL are liable to the plaintiff pursuant to the state common law doctrine of *respondeat superior*.

14

81.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

82.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

83.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### ASSAULT AND BATTERY

85.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

86.     By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the

laws and Constitution of the State of New York.

87.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

88.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

89.    By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

90.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### NEGLIGENCE

91.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

92.    The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

93.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### TRESPASS

94.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

95.    The defendants willfully, wrongfully and unlawfully trespassed upon the person and home of plaintiff.

96.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empaneling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
            December 20, 2021

                            __/S/__Jeffrey A. Rothman____
                            JEFFREY A. ROTHMAN, Esq.
                            Law Office of Jeffrey A. Rothman
                            305 Broadway, Suite 100
                            New York, New York 10007
                            (212) 227-2980

                            Attorney for Plaintiff